**UNITED STATES of America**

v.

**Lonnie GOODING.**
**Crim. No. 667–71.**

United States District Court,
District of Columbia.
June 11, 1971.

---

Gregory Brady, Asst. U. S. Atty., for the United States.

H. A. Rosenthal, Jr., Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

GESELL, District Judge.

Defendant is charged with possession of heroin and narcotics paraphernalia in violation of 21 U.S.C. § 174 and 26 U.S.C. § 4704(a). He has moved to suppress the physical evidence seized pursuant to Magistrate's Search Warrant No. D11–448–71CR, on the grounds that the warrant was executed in the nighttime in violation of 23 D.C.Code § 523(b), which reads as follows:

> A search warrant may be executed on any day of the week and, in the absence of express authorization in the warrant pursuant to section 23–521(f) (5), shall be executed only during the hours of daylight.

Section 23–521(f) (5) provides as follows:

> A search warrant shall contain—
>
> \* \* \* \* \* \*
>
> (5) a direction that the warrant be executed during the hours of daylight or, where the judicial officer has found cause therefor, including one of the grounds set forth in section 23–522(c) (1), an authorization for execution at any time of day or night
> \* \* \*.

Section 23–522(c) (1) sets forth the grounds for permitting execution of a warrant during the nighttime:

The application may also contain—

(1) a request that the search warrant be made executable at any hour of the day or night, upon the ground that there is probable cause to believe that (A) it cannot be executed during the hours of daylight, (B) the property sought is likely to be removed or destroyed if not seized forthwith, or (C) the property sought is not likely to be found except at certain times or in certain circumstances * * *.

The above provisions were added to the D.C.Code by the District of Columbia Court Reform and Criminal Procedure Act of 1970, and became effective February 1, 1971. The warrant was issued by a United States Magistrate on February 11, 1971, and executed by the Metropolitan Police at 9:30 P.M. on the following day. The daylight hours ended well before 9:30 P.M. on that date. None of the grounds set forth in section 23–522(c) (1) were contained either in the application or in the warrant itself. Thus, if section 523(b) is applicable under these circumstances, the seizure was unlawful.

The Government takes the position that the provisions cited are inapplicable to warrants issued in connection with violations of federal narcotics laws. The application for the search warrant was captioned "Affidavit in Support of a Request for a United States Magistrate's Search Warrant for Violation of the Narcotics Laws of the United States Code, Title 26, Section 4704a." The warrant also stated as grounds for issuance that the property was "in violation of Title 26 Section 4704(a) of the U.S. Code."

21 U.S.C. § 879(a) provides:

A search warrant relating to offenses involving controlled substances may be served at any time of the day or night if the judge or United States magis-trate is satisfied that there is probable cause to believe that grounds exist for the warrant and for its service at such time.

This section, which took effect October 27, 1970, as part of the Comprehensive Drug Abuse Prevention and Control Act, replaces former 18 U.S.C. § 1405, which required the judicial officer to be satisfied only "that there is probable cause to believe that the grounds for the application exist." That earlier provision had been interpreted to allow nighttime search warrants simply upon a finding of probable cause for issuance of the warrant itself, without even the additional element of "positivity" required by Rule 41(d) of the Federal Rules of Criminal Procedure. United States v. Stallings, 413 F.2d 200 (7th Cir. 1969); United States v. Tucker, 262 F.Supp. 305 (S.D.N.Y.1966).

Though the language of 21 U.S.C. § 879(a) suggests that Congress attempted to establish different standards for daytime and nighttime warrants, no precise requirements were spelled out in the Act, and the legislative history indicates that no change from the prior law was intended. See U.S.Code Cong. Adm. News, 91st Cong., 2d Sess., at pp. 4621–22 (1970). Whatever be the standards generally for issuance of a nighttime search warrant in federal narcotics cases in other parts of the country, however, the Court finds that the existence of 21 U.S.C. § 879(a) does not remove such cases from the explicit requirements for search warrants in the District of Columbia under the newly enacted Title 23, D.C.Code.

Roughly sixty percent of the search warrants isued in the District of Columbia are related to violations of the narcotics laws. If Congress had intended to except federal narcotics search warrants from the requirements of 23 D.C.Code § 523(b), one would certainly expect the intention to be expressed in the statute or at least in the legislative history, possibly by reference to the spe-

cial narcotic search statute then applicable in the District for local offenses.[1] The Government has not directed the Court's attention to any such indication and the Court has found none.

The criminal procedure amendments which were part of the Court Reform Act for the District of Columbia were enacted in an atmosphere of heated debate focusing on possible threats to civil liberties, and there is indication that Congress intended the special nighttime warrant provisions to be a check against unreasonable intrusions of privacy. See D.C.Code Leg. & Adm.Service, 91st Cong. 2d Sess., at 502 (1970). There is no suggestion that the intrusion of privacy is any less, or the need for nighttime warrants any greater, where narcotics offenses are involved rather than other crimes.

■ There is likewise no basis for finding that the D.C.Code warrant provisions are inapplicable to warrants issued in connection with federal offenses. Section 23–501 defines judicial officers, who are authorized to issue search warrants under that subchapter, to include Judges of the United States District Court and United States Magistrates. The District of Columbia Court Reform and Criminal Procedure Act of 1970 did not distinguish between local and federal prosecutions in its procedural innovations; as a result of the Act, various rules are applicable in this District Court which are not applicable in United States District Courts elsewhere in the country.[2]

■■ In the absence of any indication that cases involving federal narcotics laws are excepted from the D.C.Code warrant provisions, 21 U.S.C. § 879(a) and 23 D.C.Code 523(b) may be harmonized by reading the latter as a qualification upon the former, under the principle that a special or local statute is held to modify or supersede a prior general statute on the same subject matter. See Sutherland on Statutory Construction, §§ 2022, 2023 (3d ed. 1943).

As the warrant in this case did not legally authorize a nighttime search, the search was invalid and the evidence seized must be suppressed. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

The search warrant statutes of possible application to narcotics searches in this jurisdiction are a bramblebush of uncertainties and contradictions. It is difficult if not impossible to determine the present congressional intent. This uncertainty should be clarified immediately, so that future search warrants will not be invalidated because of misunderstandings as to the applicable law. Pending prompt review of this determination or congressional action, and pending interpretation of 33 D.C.Code § 414(h) in light of the new Title 23 provisions, search warrants which are to be executed in the nighttime should comply in all respects with 23 D.C.Code § 523(b).

The motion to suppress is granted.

So ordered.

---

1. 33 D.C.Code § 414(h), authorizing search warrants for violations of local narcotics laws, provides: "The judge or commissioner shall insert a direction in the warrant that it may be served at any time in the day or night." This provision was enacted in 1956 to replace a section which required that warrants be served in the daytime "unless the affidavit is positive that the property is in the place to be searched * * *." Curiously, no mention of this provision is to be found in the legislative history of the warrant pro-

visions of the D.C.Criminal Procedure Act of 1970. The chief witness on behalf of the bill in the Senate hearings stated categorically: "the District of Columbia Code presently contains no provision at all governing the time for execution of a search warrant." Hearings Before the Senate Comm. on the District of Columbia, 91st Cong., 1st Sess., pt. 4, at 1389 (1969).

2. *See, e. g.*, 23 D.C.Code 1322, "Detention Prior to Trial."