**UNITED STATES of America**

v.

**Henrietta GREEN.**

**Crim. No. 1003–71.**

United States District Court, District of Columbia.

Sept. 8, 1971.

Harvey Price, Asst. U. S. Atty., Washington, D. C., for plaintiff.

George Dreos, Washington, D. C., for defendant.

MEMORANDUM AND ORDER

LEONARD P. WALSH, District Judge.

The defendant is charged with violations of the narcotic laws, 21 U.S.C. § 174 and 26 U.S.C. § 4704(a). She has moved to suppress the physical evidence seized pursuant to Magistrate's Search Warrant No. D11–354–71 CR., on the grounds that the warrant was executed in the night time in violation of 23 D.C. Code 523(b).

Section 23–523(b)[1] of the D.C.Code permits a night time execution of a search warrant if, and only if, there is an express authorization therefor pursuant to section 23–521(f) (5). The latter section permits an authorization for a night time search "where the judicial officer has found cause therefor, including one of the grounds set forth in section 23–522(c) (1)." Section 23–522(c) (1) sets forth those grounds and requires their inclusion in the application for the warrant.

The statutory criteria are: (1) that the search warrant cannot be executed during the hours of daylight; (2) that the property sought is likely to be removed or destroyed if not seized forthwith; and (3) that the property sought is not likely to be found except at certain times or in certain circumstances.

[1]. All references to the D.C.Code use the section numbers assigned in the 1970 Act.

The above provisions were added to the D.C.Code by the District of Columbia Court Reform and Criminal Procedure Act of 1970 and became effective February 1, 1971. The warrant in this case was issued by a United States Magistrate on February 5, 1971, and executed by the Metropolitan Police on the same day, during the night time (at 8:06 P.M.). Defendant claims that section 23–522(c) (1) is applicable and that since none of the grounds set forth in section 23–522(c) (1) were contained in the application for or in the warrant itself, the evidence seized based on such a warrant should be suppressed. This Court cannot agree, and for the following reasons denies the defendant's motion to suppress.

The Fourth Amendment requires that a warrant's description be particular: " * * * and no Warrants shall issue, but upon probable cause * * * particularly describing the place to be searched, and the persons and things to be seized." U.S.Const. Amend. IV. As a general rule search warrants must be executed in the day time, but a warrant may be executed at night provided that the affidavits upon which the warrant is issued are *positive* that the property is on the person or in the place to be searched. Fed.R.Crim.P. 41(c).

21 U.S.C. § 879(a) provides an exception to this positivity requirement for night time searches in federal narcotics cases. It states:

A search warrant relating to offenses involving controlled substances may be served at *any time of the day or night* if the judge or United States magistrate issuing the warrant is satisfied that there is probable cause to believe that grounds exist for the warrant and for its service at such time.

This section, which took effect October 27, 1970 as part of the Comprehensive Drug Abuse Prevention and Control Act, replaces former 18 U.S.C. § 1405, which required judicial officers in federal narcotics cases to be satisfied only "that there is probable cause to believe

that the grounds for the application exist." The language of subsection (2) of 1405 clearly shows its applicability to the District of Columbia.

■ Thus if a warrant meets the "positivity" requirement of Rule 41(c) or in narcotics cases the requirements of 21 U.S.C. § 879(a), such a warrant has satisfied the federal requirements necessary for its execution in the night time.

■ The defendant contends that the existence of 21 U.S.C. § 879(a) does not remove such cases from the explicit requirements for search warrants in the District of Columbia under the newly enacted Title 23 of the D.C.Code. But for offenses dealing with narcotic drugs and search warrants necessary thereto, the D.C.Code provides a separate chapter and section, Chapter 4 of Title 33 entitled "Narcotic Drugs." Under this chapter, section 33 D.C.Code 414(a), any judge of Superior Court of the District of Columbia, or U. S. Commissioner for the District of Columbia, is authorized to issue a search warrant, "when any narcotic drugs are manufactured, possessed, controlled, sold, prescribed, administered, dispensed, or compounded, in violation of the provisions of this chapter * * *". It specifically provides in 33 D.C.Code 414(h) that: "the judge or commissioner shall insert a direction in the warrant that it may be served at any time in the day or night." The fact that no mention of this provision is to be found in the legislative history of the warrant provisions of the D.C. Criminal Procedure Act of 1970, as well as the fact that this section is *specifically* designed to apply to violations of Title 33, Chapter 4, Narcotic Offenses, leads this Court to conclude that 33 D.C.Code 414(h) qualifies 23 D.C.Code 523(b), and thus 523(b) is applicable to non-narcotic cases only while the D.C.Code provision which is applicable to search warrant requirements for narcotic offenses is 33 D.C.Code 414.

This interpretation finds support in Sutherland on Statutory Construction, sec. 2021 (3rd Ed., 1943) which states

that: "the enactment of a general law broad enough in its scope and application to cover the field of operation of a special or local statute will generally not repeal a statute which limits its operation to a particular phase of the subject covered by the general law * * * An implied repeal of prior statutes will be restricted to statutes of the same general nature, since the legislature is presumed to have known of the existence of a prior special or particular legislation, and to have contemplated only a general treatment of the subject matter by the general enactment." Therefore, where the later general statute, 23 D.C. Code 523(b), does not propose an irreconcilable conflict, the prior special statute, 33 D.C.Code 414(b), will be construed as remaining in effect as a qualification of the general law.

Further, there is no legislative history to suggest that it was the intention of Congress to exclude the District of Columbia from the applicability of 21 U.S. C. § 879(a) or that 33 D.C.Code 414(h) was to be repealed. To hold that this warrant is invalid because it does not comply with 23 D.C.Code 523(b) would amount to a finding that these statutes were impliedly repealed by 23 D.C.Code 523(b), notwithstanding the absence of congressional intent.

■ The law is clear that implied repeals are not favored and in fact there is a strong presumption against them. See 1, Sutherland, Statutory Construction, Sec. 2014.

A further reading of Public Law 91–358, 84 Stat. 473, will reveal the numerous statutes which were expressly repealed by this new Act. It is clear that had Congress intended such a repeal it would have been included among such numerous express repeals.

■ The Court finds that Congress did not intend to repeal 33 D.C.Code 414(b), and further that this section clearly applies to narcotics violations. Thus a further determination as to the applicability vel non of the requirements of 21 U.S.C. § 879(a) (vis a vis 33 D.C. Code 414(b) ) to violations of federal narcotics statutes is not necessary for disposition of this particular case. Both provisions require that a search warrant can be executed at any time, either day or night, upon a showing of probable cause, both as to its existence and for its service at such time, accompanied by a supporting affidavit as well as an insertion within the warrant as to when it may be served; and since there was full compliance with all the requirements of both statutes in this particular case, it is this Court's opinion that the search warrant in this case and its execution thereof during the night time hours was proper.

The Motion to suppress is thus denied. So ordered.