No. 72–5240.   THOMAS ET AL. *v.* UNITED STATES.
Ct. App. D. C.   Certiorari denied.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BRENNAN and MR. JUSTICE MARSHALL concur, dissenting.

On May 27, 1971, a member of the District of Columbia Metropolitan Police Department obtained from a United States Magistrate a search warrant on the basis of an affidavit setting forth sufficient facts to establish probable cause to believe that narcotics and related contraband were on specified premises.   The warrant was sought pursuant to 21 U. S. C. § 879 (a)—§ 509 (a) of the Controlled Substances Act of 1970, 84 Stat. 1274.   The warrant was executed by members of the Metropolitan Police Force at 9:40 p. m. on May 29, 1971, and resulted in the seizure of narcotics paraphernalia.   The defendants moved to suppress the evidence on the ground that the search warrant did not detail any basis for execution at night, as required by 21 U. S. C. § 879 (a) and D. C. Code Ann. § 23–521 (f)(5) (Supp. 1972) and that motion was granted.   The District of Columbia Court of Appeals reversed with one judge dissenting.   294 A. 2d 164.

Petitioners raise two questions that entail an interpretation of the Controlled Substances Act of 1970.   This Act was passed by Congress to consolidate many of the then-existing narcotics Acts in order to make a concerted attack on the drug problem.   It was based on the recommendations of two presidential studies and contains both rehabilitative and punitive provisions.

The old provisions, 18 U. S. C. §§ 1405 (1) and (2) (1964 ed.), provided (1) that a search warrant may be

served at any time of the day or night if the judge or the United States Commissioner issuing the warrant is satisfied that there is probable cause to believe that the grounds for the application exist; and (2) that a search warrant may be directed to any officer of the Metropolitan Police of the District of Columbia authorized to enforce or assist in enforcing a violation of any of such provisions.

These sections have now been replaced. 21 U. S. C. § 878 provides: "Any officer or employee of the Bureau of Narcotics and Dangerous Drug[s] designated by the Attorney General may . . . (2) execute and serve search warrants, arrest warrants, administrative inspection warrants, subpenas, and summonses issued under the authority of the United States."

Section 879 (a) provides that "A search warrant relating to offenses involving controlled substances may be served at any time of the day or night if the judge or United States magistrate issuing the warrant is satisfied that there is probable cause to believe that grounds exist for the warrant *and for its service at such time.*" (Emphasis added.)

Petitioners first contend that since the Congress did not include the clause allowing the District police to secure warrants under this provision, they have no power to do so. But since the police have power under D. C. Code Ann. § 4–138 (1967) to secure any warrant issued in the District of Columbia, this contention would seem to lose merit.

Of more substance is the second assertion. Under former 18 U. S. C. § 1405 a search warrant could be served day or night on a showing of probable cause. In the District of Columbia the requirements for the service of a warrant in the nighttime required a showing of more than probable cause. Both parties agree that the warrant in question did not meet those standards. When Con-

gress changed § 1405 and added the phrase "probable cause to believe that grounds exist for the warrant and for its service at such time" did § 879 incorporate § 23–521 (f)(5) of the D. C. Code?*

Judge Gesell in *United States* v. *Gooding,* 328 F. Supp. 1005 (1971), ruled that the warrant was not adequate for a nighttime search and that case is now before the Court of Appeals for the District of Columbia. I would hold this case for that decision or grant certiorari and put it down for argument.

Section 23–521 is an important component in the criminal procedure amendments of the Court Reform Act of 1970, effective February 1, 1971. There is an indication that Congress intended that this section should protect a person against unreasonable invasions of privacy. See D. C. Code Leg. & Adm. Service, 91st Cong., 2d Sess., 502 (1970). Since the Court Reform Act did not distinguish between local and federal prosecutions in its procedure, it is arguable that the local rules are binding. Roughly 60% of the search warrants issued in the District of Columbia are drug related. Congress is not unaware of this fact. One would expect that if federal

---

*That section provides in part:

"(f) A search warrant shall contain . . . (5) a direction that the warrant be executed during the hours of daylight or, where the judicial officer has found cause therefor, including one of the grounds set forth in section 23–522 (c)(1), an authorization for execution at any time of day or night."

Section 23–522 (c)(1) provides:

"(c) The application may also contain—(1) a request that the search warrant be made executable at any hour of the day or night, upon the ground that there is probable cause to believe that (A) it cannot be executed during the hours of daylight, (B) the property sought is likely to be removed or destroyed if not seized forthwith, or (C) the property sought is not likely to be found except at certain times or in certain circumstances."

narcotics search warrants were to be excluded from coverage, it would have said so.

The District of Columbia Court of Appeals, however, took the position that since § 1405 used the standard of probable cause for both day and night searches and § 879 was merely its substitute, there is no change in the law. The majority is supported in its view by the District Court's opinion in *United States* v. *Green,* 331 F. Supp. 44 (1971). The dissent, however, thought that that construction made the added phrase in § 879 (a) meaningless.

We should resolve this controversy. As Judge Gesell stated: "The search warrant statutes of possible application to narcotics searches in this jurisdiction are a bramblebush of uncertainties and contradictions. It is difficult if not impossible to determine the present congressional intent. This uncertainty should be clarified immediately, so that future search warrants will not be invalidated because of misunderstandings as to the applicable law." *United States* v. *Gooding, supra,* at 1008.