SANDERS, Chief Justice.
The State charged defendant, Peter Ma-nale, Sr., with “the crime of gambling as defined by R.S. 14:90, in .that he did unlawfully and intentionally conduct and directly assist in the conducting, as a business, at 919 Touro St., of a game, contest, lottery and contrivance, in that he did encourage, promote and aid divers persons whose names are unto your Assistant District Attorney aforesaid unknown, to bet and wager upon the results of running, trotting and pacing horse races, by the operation of a betting book, at a place other than within track or other enclosure where said horse races took place, whereby a person risked the loss of a thing of value in order to realize a profit. . .
Defendant, through counsel, filed a Motion to Suppress Evidence obtained from a search of 919 Touro Street, alleging that the warrant “was illegally issued in that the written affidavit attached to the application for the search warrant does not establish facts and circumstances which comprise probable cause for the issuance of the search warrant.”
After a hearing on the Motion to Suppress, the Magistrate granted the motion. On application of the State, we granted writs. La., 337 So.2d 532 (1976).
The sole issue is whether the affidavit contains sufficient facts to show probable cause for the issuance of the search warrant.
In State v. Vince, La., 305 So.2d 916 (1974), we stated:
*884 “The decisions of the United States Supreme Court announce the principle that the showing [in the affidavit supporting the application for a search warrant] must contain sufficient underlying facts and circumstances to enable the magistrate to review them and make the essential probable-cause determination. See United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); State v. Paciera, La., 290 So.2d 681 (1974).”
“Probable cause” is deemed to exist when facts and circumstances within the affiant’s knowledge are sufficient to warrant a man of reasonable caution to believe that an offense has been or is being committed. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); United States v. Hill, 500 F.2d 315 (5th Cir. 1974) cert. denied 420 U.S. 931, 95 S.Ct. 1135, 43 L.Ed.2d 404; United States v. Melancon, 462 F.2d 82 (5th Cir. 1972) cert. denied 409 U.S. 1038, 93 S.Ct. 516, 34 L.Ed.2d 487. It is unnecessary for the affidavit to make out a prima facie case of the defendant’s guilt in order to justify the issuance of a search warrant. State v. Hightower, La., 272 So.2d 363 (1973).
The affidavit for the issuance of the search warrant was attested by Detectives Daniel Lawless and Stanford Barre of the New Orleans Police Department. Summarizing, the allegations in the affidavit include:
1. On the afternoon of February 5,1976, Officers Daniel Lawless and Stanford Barre of the Vice Squad, the two affi-ants, watched a man walk, from the direction of the nearby Fairgrounds Racetrack, to a pay telephone located in front of La Coca’s Grocery Store. There they saw him dial telephone number 945-4657 and place a bet by saying to the person who answered the phone, “Pete, how you been? Look, in the seventh exacta, box 1, 2, and 5 for three dollars.”
2. The next day, February 6, Officer Derbyshire checked with South Central Bell and learned that telephone number 945-4657 was listed to Rosa Manale at 919 Touro Street.
3. That same day Officers Barre and Lawless went to 919 Touro, where they saw a 1973 Plymouth bearing a license number which they found by checking through NCIC to be registered to Peter Manale, the accused herein, who lived at that address.
4. Officers Lawless and Barre then checked the police records and found that a Peter Manale of 919 Touro Street had been arrested in December of 1969 for gambling by operating a racehorse handbook in violation of Article 90 of the Criminal Code.
5. A few days later, on February 11, Officers Barre and Lawless saw Peter Manale, whom they recognized from a 1969 Bureau of Identification photograph, drive to the 100 block of University Place and park near Oliver’s News Stand, where he obtained and took home with him a copy of the latest Turf And Sports Mirror. (This publication contains all the entries at the race tracks in the country; the first ten races at the New Orleans Fairgrounds; the approximate time of the races; the jockeys and their weights; the names of the horses and their numbers; and the selection of the editors as to who the winner of each race will be and is used by bookmakers.)
6. That same afternoon Officer Barre dialed telephone number 945^4657 and when a male voice answered said, “Hey, Pete, is that you?” whereupon the response came: “Yea this is Pete; who’s calling?”
The affidavit in the present case is based upon the personal observations of the police officers. Their credibility, of course, was a matter to be determined by the issuing magistrate. The affidavit recites concrete facts in explicit detail. They are sufficient, in our opinion, to enable a detached magistrate to perform his function and to determine that probable cause existed for the issuance of a search warrant.
We hold that the search warrant is valid.
*885 For the reasons assigned, the ruling of the magistrate sustaining the motion to suppress the evidence is reversed, and the case is remanded to the district court for further proceedings not inconsistent with the views herein expressed.