**Norfleet A. SPENCE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 10257.**

District of Columbia Court of Appeals.

Submitted Sept. 13, 1976.

Decided March 9, 1977.

---

Allan M. Palmer and William E. Reukauf, Washington, D. C., for appellant.

Earl J. Silbert, U. S. Atty., Washington, D. C., with whom John A. Terry, Joseph B. Valder and Douglas J. Behr, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, KERN and GALLAGHER, Associate Judges.

PER CURIAM:

At issue in this case is the validity of a search warrant directed to an auto owned by appellant, issued by the judicial officer for execution "at any time of the day or night," and executed in fact at 11:15 p. m., February 12, 1975. The officers conducting the search discovered in the trunk of the auto a considerable quantity of clothing which directly led to appellant's trial and conviction of receiving stolen property, D.C. Code 1973, § 22–2205.

D.C.Code 1973, § 23–521 and D.C.Code 1976 Supp. III, § 23–522 prescribe generally the nature of search warrants and the form and content of applications for these warrants.[1] Section 23–521(f)(5) provides that a search warrant shall contain "a direction that the warrant be executed during the hours of daylight or, *where the judicial officer has found cause therefor, including one of the grounds set forth in section 23–522(c)(1)*, an authorization for execution at any time of day or night" (emphasis added). The warrant in the instant case authorizes, *without* a finding or any explanation, a search of the auto registered to the appellant "at any time of the day or night."

D.C.Code 1976 Supp. III, § 23–522(c) prescribing the form and content of applications for search warrants, provides that "[t]he application may also contain a request that the search·warrant be made executable at any hour of the day or night upon the ground that there is probable cause to believe that (1) it cannot be executed during the hours of daylight, (2) the property sought is likely to be removed or destroyed if not seized forthwith, or (3) the property sought is not likely to be found except at certain times or in certain circumstances." The subsection further provides that such a request "must be accompanied and supported by allegations of fact supporting such request."

In *United States v. Thomas,* D.C.App., 294 A.2d 164 *cert. denied,* 409 U.S. 992, 93 S.Ct. 341, 34 L.Ed.2d 258 (1972), we examined in detail the statutory scheme for nighttime execution of warrants in the District of Columbia. We characterized D.C. Code 1973, § 23–521 and D.C.Code 1976 Supp. III, § 23–522 as having "stricter general standards" than the statutes dealing with search warrants in narcotics cases. *United States v. Thomas, supra* at 168 n. 7. We noted in *Thomas* the need for *a showing of "probable cause* as to (A) impossibility of daytime execution; or (B) necessity for 'forthwith' seizure to avoid removal or destruction of property; or (C) time or circumstance factors limiting presence of property in place averred." *Id.* at 168 n. 8. In *In re L. J. W.,* D.C.App., 370 A.2d 1333 (1977), this court concluded that a nighttime search warrant may be authorized if the officer requesting the warrant states orally under oath or includes as part of the written application the *substance* of one of the grounds for authorizing such warrants contained in D.C.Code 1976 Supp. III, § 23–522(c).

██ The affidavit in the instant case submitted on February 12, 1975, by the officer seeking the search warrant stated in pertinent part:

On February 5, 1975, the source advised the affiant that a man known to him as

---

1. Warrants involving narcotics are not so included. *United States v. Thomas,* D.C.App., 294 A.2d 164, *cert. denied,* 409 U.S. 992, 93 S.Ct. 341, 34 L.Ed.2d 258 (1972).

SPENCER *was purchasing* stolen property in the 600 block of T st [sic] NW. . . . The source also states that *after SPENCER purchases the stolen property he places it into the trunk of a pontiac* [sic] *that is green in color and bears DC registration 227–817.* . . .

On February 6, 1975, the affiant . . determined that the tag number . . is listed to a NORFLEET ARNETT SPENCE of 644 Lamont Street NW on a 1966 Pontiac 2 door . . ..

Based on the above information . . [t]he affiant believes there is *now stolen pieces of property being secreted in the 1966 Pontiac* with DC registration 227–817, owned by NORFLEET ARNETT SPENCE and requests permission to execute a daytime as well as night time [sic] search warrant for the entire vehicle. [Emphasis added.]

■ Given the averment in the affidavit that the auto to be searched had a specific District of Columbia license tag and was registered to appellant, a District resident with a known address, it cannot be reasonably inferred that a daytime execution of the warrant was impossible. We note that (1) the activity described by the officer in his affidavit was *ongoing* and (2) the officer delayed from February 6, when he verified the ownership of the car, until February 12 to apply for the warrant. We conclude from these assertions in the application that there was *no* showing, as required by the statute, of probable cause to believe that the search warrant could not be executed during the day or that the stolen property appellant was buying and placing in his car was (a) likely to be removed *unless* seized forthwith, or (b) would be in the auto *only* at certain times of the day. In sum, the allegations of fact by the applicant for the nighttime search warrant were inadequate

under the statute and the request should have been denied.[2]

*Reversed.*

---

2. The government urges that even assuming the execution of the warrant was invalid, probable cause existed to search the auto and its trunk without a warrant. Therefore, it argues, the judgment of conviction should stand. Given the *continuing nature* of appellant's criminal operation, as reflected in the affidavit and by

the officer's delay in seeking the warrant, we are not persuaded exigent circumstances exist which might justify a warrantless search of the automobile for the stolen property, even if there was probable cause to search the auto's trunk.