Herbert L. HINES, Appellant,

v.

UNITED STATES, Appellee.

No. 79–89.

District of Columbia Court of Appeals.

Argued Feb. 28, 1980.

Decided Feb. 16, 1982.

Before KERN and FERREN, Associate Judges, and GALLAGHER,* Associate Judge, Retired.

GALLAGHER, Associate Judge, Retired:

■ Appellant was convicted of carrying a pistol without a license, D.C.Code 1973, § 22–3204. He claims error in the denial of a motion to suppress as evidence [1] a pistol seized during an apartment search conducted at 7:30 p.m. on February 24, 1978, pursuant to a narcotics warrant authorizing a search during daylight hours. The warrant had been obtained by Metropolitan Police Investigator Haywood Muse. Investigator Muse was assigned to the vice squad and had three and one-half years' experience in narcotics investigations.

At the suppression hearing, Investigator Muse testified that although he had applied for search warrants on previous occasions, he normally did so in the United States District Court for the District of Columbia. Ordinary warrants from that court may be executed during the daylight hours and up until 10:00 p. m. On this occasion, because he sought authorization for a marijuana search, he brought his affidavit to the Superior Court Warrant Office. The affidavit recited probable cause to believe that contraband would be found in Apartment G–2, 1312 Clifton Street, N.W., in violation of "Uniform Narcotics Laws of the District of Columbia and the United States." No explicit request for authority to conduct a search at any time of the day or night was made in the affidavit. At the warrant of-

Christopher A. Myers, Asst. U.S. Atty., with whom Carl S. Rauh, U.S. Atty., Washington, D. C., at the time brief was filed, John A. Terry, Peter E. George and Thomas J. Tourish, Jr., Asst. U.S. Attys., Washington, D. C., were on brief, for appellee.

Robert E. McMillen, Washington, D. C., for appellant.

---

* Judge Gallagher was an Associate Judge of the court at the time of argument. His status changed to Associate Judge, Retired, on February 27, 1981.

1. Appellant also claims as error his sentence of three years' imprisonment of which all but six months has been suspended. The trial court recommended work release for the six-month sentence, followed by three years' probation. The government has conceded that this is an illegal split sentence under *Davis v. United States*, D.C.App., 397 A.2d 951 (1979).

   In addition, appellant raises here his trial motion to strike the Information as to Previous Conviction filed by the government, on the ground that a prior conviction which raises his offense to a felony must be charged by indict-

ment. Appellant was charged in a grand jury indictment for the instant offense and challenges only the use of the Information to establish prior convictions in order to invoke the enhanced penalty statutes. Although the docket entry indicates that this motion was "withdrawn (conceded)" by defense counsel, appellant contends that the motion was in fact denied, and has filed a motion to correct the record in the trial court. In any case, appellant apparently seeks only to preserve this issue in the event of some further review. Our decision in *Punch v. United States*, D.C.App., 377 A.2d 1353 (1977), *cert. denied*, 435 U.S. 955, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978), settled this question adversely to appellant, however.

fice a clerk, without assistance or instructions from Investigator Muse, filled in the blanks on a search warrant form, crossing out the words "at any time of the day or night." The completed warrant form, authorizing a search "in the daytime" was then taken before a judge of the Superior Court, who reviewed the form, took the investigator's oath on the affidavit, and signed the warrant form.

Investigator Muse testified that he did not personally fill in any of the blanks on the warrant form, that the issuing judge did not cross out any words on the form, and that, although in reviewing the warrant form before taking it to the judge he noticed something crossed out, he did not realize that it pertained to the time of execution and assumed that the stricken phrase did not apply to his warrant. He also stated that he had never before sought a narcotics warrant in the Superior Court, and that he did not intentionally disregard any instruction on the face sheet, but rather assumed, on the basis of his experience with the District Court which has a 10:00 p. m. cutoff,[2] there was nothing wrong with executing a daytime warrant at 7:30 p. m.[3]

The prosecutor then proffered that the warrant judge, if called, would testify that she had noticed nothing unusual about the warrant and that the requirement of D.C. Code 1973, § 33–414(h) that the issuing magistrate must insert in the warrant authorization for service at any time of the day or night was not brought to her attention.

In a written order the trial court denied appellant's motion for suppression. The court found that the printed words on the face sheet of the warrant "at any time of day or night" were crossed out by a clerk in the warrant office for reasons unknown, and that this was not done at the direction of either Investigator Muse or the warrant-issuing judge. The trial judge concluded:

The District of Columbia Code provision governing search warrants *for narcotic drugs* is Section 33–414 (1973). Section 33–414(b) states: "A search warrant cannot be issued but upon probable cause supported by affidavit particularly describing the property and the place to be searched." Section 33–414(h) provides: "The judge ... *shall* insert a direction in the warrant that it may be served at any time in the day or night." Pursuant to these statutory provisions, once a judge has determined that probable cause exists to search for drugs in the District of Columbia, a search warrant may be issued. Such a warrant may be executed at any time of the day or night. Section 33–414(h) calls for the judge approving the warrant to perform a ministerial act, rather than an act of judicial discretion. Under these circumstances, the inadvertent omission of language authorizing nighttime searches does not render the nighttime search invalid. The judge could not have restricted the warrant to daytime execution under any circumstances. The Court concludes that the error on the face of the warrant did not affect the substantial rights of the defendant, and therefore should be disregarded. [Citing *inter alia* Super.Ct.Cr.R. 52(a), footnote omitted, emphasis added.]

Appellant challenges the basis of the trial court's ruling, asserting that the warrant judge had no duty to replace printed words that had been stricken from the warrant form, and that to do so would have been a breach of constitutionally mandated neutrality. He contends that this court's decision in *United States v. Thomas*, D.C.App., 294 A.2d 164, *cert. denied*, 409 U.S. 992, 93 S.Ct. 341, 34 L.Ed.2d 258 (1972), required the issuing judge to make a special finding of "time related probable cause" before authorizing a nighttime search, and this was not done. Although the statutory language

---

**2.** It may be that the trial court will wish to consider whether it is advisable to have a uniform rule in this jurisdiction on the cutoff hour for the exercise of daytime search warrants.

**3.** At the suppression hearing, appellant introduced a document from the National Almanac Office of the National Observatory stating that on February 24, 1978, sunset was at 5:55 p. m. EST and the end of civil twilight was 6:22 p. m.

requires only a finding of probable cause (see § 33–414(b), quoted in the trial court's ruling *supra*), appellant argues that in *Thomas, supra*, we added a gloss to this statute to require an additional showing.

■ We have before us the question of whether the nighttime search in this case was prohibited by the search warrant which, on its face, was limited to authorization of a daytime search. We think that on the particular facts of this case there should not be a reversal of the conviction.

It is evident, as the trial court found, that under the controlling statute (D.C.Code 1973, § 33–414(h)) where narcotics violations are involved, "[t]he judge ... *shall* insert a direction in the warrant that it may be served at any time in the day or night." (Emphasis added.) The language is mandatory. This being so, the service at night would have been valid if the court clerk had not stricken the crucial words in the warrant form authorizing service "at any time in the day or night." Upon exploration, the trial court found this to have been a clerical inadvertence, which was not later discovered by the judge issuing the warrant, or the police officer requesting it. Additionally, the government proffered to the court at the suppression hearing that the authorizing judge would testify to the effect that the crossing out of the authorization for night service was not done by her and was an administrative oversight. This would seem to make out a rather strong case against reversal.

This is not necessarily so, says appellant, because in our decision in *United States v. Thomas, supra*, notwithstanding the literal terms of the statute, we stated that it requires a showing of "time related probable cause" for service at night. In support, appellant points to the language in *Thomas* where we indicated that the statutory scheme of the federal and local laws there being discussed (21 U.S.C. § 879(a) and D.C. Code 1973, § 33–414(h)) "allow the issuance of a search warrant for day or nighttime searches on the more relaxed finding of time-related probable cause when dealing with narcotics violations." Appellant ar-

gues that this required showing was lacking here and the search warrant was therefore invalid.

We do not necessarily read our holding in *Thomas, supra*, to have the stringent effect claimed by appellant, but whatever may have been the intended effect of the dicta in our *Thomas* decision, the matter was subsequently laid to rest by the later Supreme Court decision in *Gooding v. United States*, 416 U.S. 430, 94 S.Ct. 1780, 40 L.Ed.2d 250 (1974). There, the Court had occasion to examine the local statute in the course of reaching the principal issue in that case, and stated:

. The older of the two conceivably relevant District of Columbia statutes, D.C. Code § 33–414 (1973), was enacted in 1956 and authorizes search warrants for violations of the District of Columbia narcotics laws. This section does not limit the time during which searches may be made, stating plainly that "*[t]he judge or commissioner shall insert a direction in the warrant that it may be served at any time in the day or night.*" *This liberal time provision* is in direct contrast to the more restricted provisions of the second District of Columbia statute to be considered, D.C.Code §§ 23–521, et seq. [*Gooding v. United States, supra* at 433–34, 94 S.Ct. at 1783, emphasis added.]

It is evident that the Supreme Court found no reason not to give the crucial words their plain meaning and thereby construe the statute as it was written. This interpretation accords with the trial court's finding in this case in denying the motion to suppress:

Pursuant to these statutory provisions, once a judge has determined that probable cause exists to search for drugs in the District of Columbia, a search warrant may be issued. Such a warrant may be executed at any time of the day or night. Section 33–414(h) calls for the judge approving the warrant to perform a ministerial act, rather than an act of judicial discretion. Under these circumstances, the inadvertent omission of language authorizing nighttime searches does not render the nighttime search invalid.

This ruling by the trial court strikes us as sound and there is, therefore, no reason to overturn it. We might say—as a matter of interest—that the parallel federal statute provides as follows:

> A search warrant relating to offenses involving controlled substances may be served at any time of the day or night if the judge or United States magistrate issuing the warrant is satisfied that there is probable cause to believe that grounds exist for the warrant and for its service at such time. [21 U.S.C. § 879.]

A summary of that statute prepared for Congress by the Department of Justice, which did much of the legislative drafting, stated:

> Section 702(a) [now § 879] incorporates 18 U.S.C. [§] 1405 and authorizes service of a search warrant at any time of the day or night if probable cause has been established to the satisfaction of the judge or US magistrate issuing the warrant. [*Gooding v. United States, supra* at 456–57, 94 S.Ct. at 1793–94, footnote omitted.]

In disposing of the issue revolving around the federal statute, the Supreme Court said:

> We therefore conclude that 21 U.S.C. § 879(a) [now 21 U.S.C. § 879] requires no special showing for a nighttime search, other than a showing that the contraband is likely to be on the property or person to be searched at that time. We believe that the showing was met in this case. The affidavit submitted by the District of Columbia police officer suggested that there was a continuing traffic of drugs from petitioner's apartment, and a prior purchase through an informer had confirmed that drugs were available.

This was sufficient to satisfy 21 U.S.C. § 879(a) [now 21 U.S.C. § 879]. [*Gooding v. United States, supra* at 458, 94 S.Ct. at 1794, footnote omitted.]

The affidavit supporting the search warrant in *Gooding*, which was held to be sufficient, "suggested that there was a continuing traffic of drugs from petitioner's apartment, and a prior purchase through an informer had confirmed that drugs were available." (*Gooding, supra* at 458, 94 S.Ct. at 1794).

The affidavit in the case before us stated that within the preceding 72 hours a previous proven reliable source stated from personal observation that narcotics were being sold at the address, and that the requesting officer had then pursued the usual routine of searching the source and furnishing money for a purchase, and thereafter an on-the-spot purchase by the source at the named address was verified.

Actually, the support for the affidavit in *Gooding* and the instant case were not substantially dissimilar. We point this out to demonstrate that, in reality, appellant's fundamental rights were not in fact breached—no matter which view one takes of the issues.

It goes without saying that a mistake was made here in preparing the warrant for authorization by the judge. We conclude, however, that the substantial rights of appellant were not violated.[4]

*Affirmed in part and remanded for resentencing.*[5]

---

4. Appellant also argues there was error here because the trial court ignored a mandatory duty of the warrant judge under D.C.Code 1973, § 33–414(c) to examine the complainant on oath. Here, the warrant judge administered an oath to the police investigator and obtained from him an oral statement that the contents of the affidavit were true. Finding probable cause, the warrant was issued. While we do not discourage inquiry by the warrant judge before issuing a warrant, we see no reason to conclude the statute was violated. The court made a limited inquiry, and we have no basis for a decision that further inquiry was required on the facts of record. Appellant says that if there had been further inquiry the judge might have discovered the inadvertent excision on the face of the warrant. That may be, and this is why we state we do not wish to be understood as discouraging inquiry.

5. *See* note 1, *supra*.