225 So.2d 1

**STATE of Louisiana**

v.

**Leonard HOLMES.**

No. 49716.

June 27, 1969.

1. Defendant was sentenced to six months imprisonment in the parish jail and a fine of $300 and cost and in default of payment thereof, an additional six months imprisonment.

2. The bill of information charges as follows:

   "Leonard Holmes late of the Parish aforesaid, on or about the sixth day of December, * * * 1968 in the Parish, District and State aforesaid, and within the jurisdiction of the Eighth Judicial District Court, did possess for sale for beverage purposes, intoxicating beverages, to-wit, beer, whiskey and wine, with alcoholic content greater than permitted by law, in Winn Parish, Louisiana, being dry

Sanders & Bice, by Charles B. Bice, Winnfield, for defendant-relator.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Sam L. Wells, Dist. Atty., for respondent.

FOURNET, Chief Justice.

This case is before us on a writ of certiorari granted on the application of the defendant, Leonard Holmes, in order that we might review his conviction and sentence [1] by a bill of information [2] charging him with the operation of a blind tiger in violation of R.S. 26:711–26:712,[3] limiting, however, our consideration to the district judge's ruling in refusing to suppress the

territory, contrary to and in violation of the parish-wide local option ordinance adopted by the Police Jury of the Parish of Winn, State of Louisiana on the eighth day of June in the year 1939, which said Police Jury local option ordinance, as adopted, recorded and promulgated is specially referred to and here pleaded; contrary to the law of the State of Louisiana, in contempt of the authority of said State, and against the peace and dignity of the same."

3. R.S. 26:711 provides: "A 'blind tiger' is any place in those subdivisions of the state in which the sale of alcoholic beverages is prohibited where such beverages are kept for sale, barter, or ex-

evidence seized under a search warrant is- sued by the city judge on December 6, 1968.[4]

change or habitual giving away, whether in connection with a business conducted at place or not."

R.S. 26:712 provides: "Whoever keeps a blind tiger shall be fined not less than two hundred dollars nor more than five hundred dollars and imprisoned for not less than thirty days nor more than six months. If he fails to pay the fine and costs, he shall be imprisoned for not more than six months additional. In any case

According to the record on December 6, 1968 in executing the search warrant re-

the court shall order the alcoholic beverages found in the blind tiger destroyed or shall order the sheriff to sell same at public sale in a parish where such sales are not prohibited by law, to the highest bidder after due advertisement for ten days in the official journal to the parish; the net proceeds of such sales shall be turned over by the sheriff to the general fund of the parish in which the beverages were seized and sold."

4. The affidavit upon which the search warrant issued was on a prepared form reading as follows:

"AFFIDAVIT FOR SEARCH WARRANT
STATE OF LOUISIANA
PARISH OF WINN

Before me, R. D. Cantwell, City Judge of Winnfield, Parish of Winn, State of Louisiana, personally came and appeared Percy W. Roberts, Jr. who being duly sworn, says that on or about the 6 day of December, 1968, in the said Parish, he has been informed, and verily believes that Leonard Holmes has the following personal property, or articles concealed in his dwelling house, automobile or truck or other motor vehicle, to-wit: Intoxicating beverages for illegal sale owned, or possessed by the said Leonard Holmes contrary to the prohibition laws of said Parish of Winn, concealed on or about his premises aforesaid.

WHEREFORE, process is applied for to search the same.

/s/ Percy W. Roberts Jr.

Sworn to and subscribed before me this 6 day of December 1968.

/s/ R. D. Cantwell

The search warrant follows on the same form, reading as follows:

"SEARCH WARRANT"
"TO THE SHERIFF OF WINN PARISH, STATE OF LOUISIANA
GREETING:

WHEREAS, complaint has been made before me, the City Judge of Winnfield, in the Parish aforesaid, that Leonard Holmes is now concealing on or about his premises, aforesaid intox. bev. for illegal sale, contrary to the prohibition laws in and for the said Parish of Winn, the said property or articles being concealed on or about the premises of the said Leonard Holmes as aforesaid. These, are therefore, to command you, in the name of the State of Louisiana, to enter the said dwelling house, business house or other places or cars or trucks on the premises of the said Leonard Holmes and there diligently search for said property, or articles as above described, and if the same or any part thereof be found upon said search, and that you hold the same subject to the orders of the Court of Said Parish of Winn, and also the body of the said Leonard Holmes.

This Warrant can be served at night and on Sunday.
Given under my hand this 6 day of December, 1968.

/s/ R. D. Cantwell
City Judge"

ported in footnote 4, a Deputy Sheriff proceeded to search defendant's room in the rooming house he operated and found and seized therein certain alcoholic beverages [5] which form the basis of this prosecution and which the trial judge subsequently refused to suppress as evidence.

Counsel for defendant contends that the trial judge erred in denying his motion to suppress inasmuch as the affidavit which was the basis for the issuance of the search warrant is patently defective and insufficient in that it rest solely on the indeterminable hearsay with no supporting facts of the source of the informant's belief and consequently the ensuing warrant was issued without probable cause in violation of the 4th Amendment of the United States Constitution and Article 1, Section 7 of the Louisiana Constitution guaranteeing a person be secure against unreasonable searches and seizures, citing as authority the decision of the United States Supreme Court in the case of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.

Under the express provisions of our Code of Criminal Procedure it is provided: "A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person *reciting facts establish-*

*ing the cause for issuance of the warrant."* Article 162. In the recent decision of this court in the case of State v. Wells, 253 La. 925, 221 So.2d 50, we held that this article "leaves no doubt but that a search warrant can legally issue in this state only when an affidavit has been submitted to the judge and such affidavit recites facts which satisfy him, the judge, not the affiant, that probable cause exists for its issuance," pointing out, "if we were to permit such affiant to bolster an affidavit and warrant by later testifying (when they are challenged) as to other information which he had at the time (but not received in the affidavit) the judge would then become merely a rubber stamp for the investigating officer; and we would defeat the very purpose sought to be achieved by requiring the use of search warrants which is that 'probable cause must be determined by a "neutral and detached magistrate," and not by "the officer engaged in the often competitive enterprise of ferreting out crime." Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 369, 92 L.Ed. 436 (1948), * * *.' " (Emphasis added.)

Ingenious counsel for the State concedes, as he must, the correctness of the law as above enunciated, [6] but, relying upon the case of Colonnade Catering Corp. v. United

---

5. The articles seized consisted of 36 cans of Pabst beer, 23 half-pints of Old Forester whiskey, 16 fifths of Old California wine, and one case of 12 fifths of Old California wine.

6. See, Nathanson v. United States, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159; and Aguilar v. Texas, supra, and State v. Wells, supra.

States, 410 F.2d 197, handed down by the Second Circuit Court of Appeal for the United States, urges Louisiana has the right in exercise of its police power, like the United States, to grant in certain limited areas authority to its agents to conduct searches without search warrants.

The Colonnade case is inapposite from a factual as well as a legal standpoint. A digest of the case reported in 5 Crim.Law 2058 shows, "A revenue agent, while attending a party at the caterer's establishment, observed what he thought were resealed bottles of liquor. He returned, a week later, during business hours, with more agents and a policeman. When the caterer refused to unlock his storeroom, the agents broke in and seized the liquor bottles refilled in violation of the federal law." The court, in resolving the validity of the action of the officers pointed out that "the warrantless searches involved here, * *, are authorized by statutes, 26 U.S.C. § 5146(b) and 7606(a)," and noting that the United States Supreme Court has recognized "in certain carefully defined cases" warrantless searches are permitted, concluded the revenue agent's action was within the "limited exception contemplated by the Supreme Court."

While the legislature of this state has authorized under L.R.S. 26:713 that "[a]ny place suspected of being a blind tiger shall

be searched by an officer designated in a search warrant," in that limited sphere, it is further provided in the article that "[t]he warrant may be issued by any court having power of a committing magistrate upon the filing of an affidavit reciting the fact that affiant believes a certain designated place to be a blind tiger, together with such additional evidence as the court may require in order to make out a prima facie case." We are constrained, however, to hold the affidavit upon which the warrant was issued by the City Judge in the instant case does not disclose any additional evidence affiant may have had, if any, to support his belief that the accused was operating a blind tiger so as to make out a prima facie case. We think this would be a necessary requirement from the judge before deciding if such facts justify the search of the premises so as to conform with the United States Supreme Court decision in the case of Aguilar v. Texas, supra. See also, State v. Wells, supra.

We, therefore, conclude the trial judge erroneously denied defendant's motion to suppress the evidence and committed reversible error in permitting the same to be introduced into evidence.

For the reasons assigned the conviction and sentence are reversed and set aside, and the case is remanded for a new trial in accordance with the law and views expressed herein.