338 So.2d 1365 (1976)
STATE of Louisiana
v.
Donald WILLIAMS and Andrew A. Pointer.
No. 57886.
Supreme Court of Louisiana.
October 6, 1976.
Rehearing Denied November 5, 1976.
*1366 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Wm. L. Brockman, Asst. Dist. Atty., for plaintiff-relator.
Olga D. Kogos, New Orleans, for defendants-respondents.
*1367 MARCUS, Justice.
Donald Williams and Andrew A. Pointer were charged by bill of information with possession of a controlled dangerous substance, to-wit: marijuana, in violation of La.R.S. 40:966. Prior to trial, defendants filed a motion to suppress certain physical evidence seized from the apartment of Donald Williams pursuant to a search warrant. At the hearing on this motion, the sufficiency of the affidavit supporting the search warrant was argued. After taking the matter under advisement, the trial judge sustained the motion to suppress without giving reasons. We granted the application of the state for a writ of certiorari to consider the correctness of the trial judge's ruling.
The application for the search warrant in question was supported, in essence, by the following facts attested to by Officers Willie Louis and Richard Scott.[1] On May 20, 1975, at 1:10 p.m., the police Urban Squad Office relayed by radio to Officer Louis a tip called in by a person identifying himself as an informant for Officer Louis.[2] The informant stated that "at 2130 Whitney Avenue Apt. 2-D there was a black male by the name of Williams who was selling narcotics (Heroin, Cocaine, and Marijuana) from this apartment." Within twenty minutes, Officer Louis arrived at the address given and filled out Field Identification Check cards on several males standing near the stairs to the apartment. He verified that one of the subjects was Donald Williams who, in fact, resided at 2130 Whitney Avenue, Apt. 2-D. Officer Louis also learned through use of the police computer that Williams and his companions had criminal records and were involved in drug traffic. During a continuing spot surveillance on the apartment, the affiants observed numerous black males enter, remain for only a few moments, and depart in a cautious manner. On one occasion, the visitors were known to Officer Louis as drug users. On another occasion, the officer noted eight different cars park at Williams' The occupants of each vehicle entered apartment 2-D and stayed for only three to five minutes before departing. On May 25, 1975, a group of eight males standing outside the residence were seen to disperse and walk away hurriedly when Officer Louis' police car approached. Finally, on June 16, 1975, Officer Scott arrested one of Williams' visitors as he attempted to evade the police on leaving the apartment. The arrested man was found in possession of marijuana.
The state contends that the trial judge erred in sustaining the defendants' motion to suppress evidence. The state argues that the facts attested to in the affidavit supporting the search warrant adequately demonstrated probable cause to believe that illegal drugs were on the premises at 2130 Whitney Avenue, Apt. 2-D. We agree with this contention.
La.Code Crim.P. art. 162 provides in relevant part:
A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing *1368 the cause for the issuance of the warrant.
We have held that probable cause exists when the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient unto themselves to warrant a man of reasonable caution to believe that an offense has been committed. State v. Hightower, 272 So.2d 363 (La.1973). The judicial officer must be supplied with enough information to support an independent judgment that probable cause exists for the issuance of the warrant. Whitely v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); State v. Holmes, 254 La. 501, 225 So.2d 1 (1969).
The first supporting reason presented for the issuing judge's consideration was the informant's tip that "at 2130 Whitney Avenue Apt. 2-D there was a black male by the name of Williams who was selling narcotics (Heroin, Cocaine, and Marijuana) from this apartment." Based largely on the "two pronged test" of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), this court has enunciated a rule concerning affidavits based solely on hearsay:
The affidavit submitted to the magistrate may be based entirely upon hearsay, but, if so, it must set forth underlying circumstances and details sufficient to provide a substantial factual basis by which the magistrate might find reliable both the informant and the information given by him. Factors which support the credibility of an unidentified informant include prior accurate reports or any specific independent corroboration of the accuracy of the instant report. Factors which support the credibility of the information reported include (a) direct personal observation by the informant, or (b), if the information came indirectly to the informant, the reasons in sufficient factual detail for the magistrate to evaluate and credit the reliability both of the indirect source and of the indirectly-obtained information.
(Emphasis added.) State v. Paciera, 290 So.2d 681 (La.1974). In addition to the criteria set out in Paciera, an informant's reliability may be credited when the information given is against his penal interest, United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). Moreover, the reliability of the information given may be established, even without an allegation of personal knowledge on the part of the informant, when the tip is sufficiently detailed to justify the magistrate in believing that it is based on more than casual rumor or general reputation. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).
The affidavit before us for review contains no attestation to the reliability of the informant, nor does it disclose the informant's basis for concluding that illegal drugs were being sold at 2130 Whitney Avenue, Apt. 2-D. While the independent corroborative work by the police might be enough to establish the reliability of the informant, we are not prepared to say that the tip given was detailed enough to raise an inference that the information must have been obtained in a reliable manner. Hence, the informant's tip alone cannot support the issuance of the search warrant.
The conclusion that the tip in this case does not meet the tests established in Aguilar and Paciera does not, however, end our inquiry into the sufficiency of the affidavit supporting the warrant. Affidavits must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); State v. Roach, 322 So.2d 222 (La.1975). The magistrate is obligated to render a judgment based on a commonsense reading of the entire affidavit. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Thus, when an informant's statement fails to meet the "two pronged test," the affidavit may nevertheless be sufficient if elsewhere in the application there is enough to permit "the suspicions engendered by the informant's report to ripen into a judgment that a crime was *1369 probably being committed." Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); State v. Hightower, 272 So.2d 363 n. 2 (1973). In Spinelli, after determining that the tip in question could not meet Aguilar standards even with independent corroboration, the United States Supreme Court went on to state:
This is not to say that the tip was so insubstantial that it could not properly have counted in the magistrate's determination. Rather, it needed some further support.
When the Court looked to the other parts of the warrant, however, it found nothing but "innocent seeming conduct" and, although the accused's activities might have been consistent with a gambling operation, the Court refused to base a finding of probable cause on that fact because the police surveillance reports had not disclosed an abnormal amount of such activity.
We are satisfied that the search warrant under consideration in the instant case contained, in addition to the informant's tip, sufficient allegation of other facts gained in the course of the police surveillance to enable a neutral and detached magistrate to conclude that probable cause existed to believe that illegal drugs were present in Williams' apartment.[3] The affiants' relation of the informant's tip formed only one of nine paragraphs detailing a continuous stream of highly unusual conduct in and around apartment 2-D primarily involving an observed pattern of momentary visits. The officer swore that a group of visitors to Williams' residence "dispersed and walked away quickly" when the police were noticed approaching. On one occasion, a visitor was apprehended and found in possession of marijuana as he attempted to evade the police immediately after leaving the apartment. The officers stated that Williams and many of those frequenting his apartment for very brief intervals were known either as being involved in drug traffic or as being drug addicts. In United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), the United States Supreme Court made it clear that, while reputation standing alone is insufficient to demonstrate probable cause, it is not irrelevant to a probable cause determination when supported by other facts. We are convinced that the nature and amount of abnormal activity in and around apartment 2-D coupled with the knowledge of the reputation of Williams and many of his visitors, indicated criminal rather than innocent seeming conduct. Hence, the allegations in the supporting affidavit in this case, unlike those in Spinelli, were sufficient "to `permit the suspicions engendered by the informant's report to ripen into a judgment that a crime was probably being committed.'"
In reaching our conclusion, we have been conscious of the warning in Ventresca that a grudging or negative attitude by reviewing courts towards warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting. Magistrates are not to be confined to niggardly limitations or by restrictions on the use of their common sense. Their determinations of probable cause should be paid great deference by reviewing courts and, although it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. State v. Nix, 327 So.2d 301 (La.1975); State v. Paciera, 290 So.2d 681 (La.1974).
Applying these principles, we find that, after a commonsense reading of the entire affidavit, the magistrate was able to make an independent judgment that probable cause existed to believe that illegal drugs were on the premises at 2130 Whitney Avenue, Apt. 2-D. We are of the opinion that *1370 the issuing judge was presented with sufficient facts and circumstances within the affiants' knowledge and of which he had reasonably trustworthy information to warrant a man of reasonable caution to believe that an offense was being committed.
The question has also been raised as to whether the information contained in the affidavit was too stale to justify the granting of a search warrant. The last event mentioned in the affidavit occurred on June 16, 1975, but the warrant was not obtained until June 20, 1975, and it was not executed until June 26, 1975. In State v. Hightower, 272 So.2d 363 (La.1973), we held that a warrant executed within ten days after the last event reported in the supporting affidavit falls within the contemplation of La.Code Crim.P. art. 163, which allows a ten-day delay in the execution of warrants already issued. Accordingly, the information upon which the search warrant was granted was not impermissibly stale.
In sum, we find that the warrant issued in this case was founded upon probable cause and thus was validly granted. Hence, the ruling which suppressed the evidence obtained in the execution of the warrant was in error.

DECREE
For the reasons assigned, we reverse the ruling of the trial judge which suppressed the evidence and remand this case to the Criminal District Court for the Parish of Orleans for further proceedings not inconsistent with this opinion.

*1371 
*1372 
NOTES
[1] See the appendix to the opinion of this court for a copy of the affidavit in support of the search warrant.
[2] We note that, since the informant's tip was relayed to Officer Louis by the officer on duty at the police Urban Squad Office, it might be considered as double hearsay. We have been unable to find a decision of the United States Supreme Court which squarely addresses this question. Several federal circuit courts, however, have concluded that there is no prohibition to a warrant being based on double or even triple hearsay, so long as there is a substantial basis for crediting the information given at each level. United States v. Welebir, 498 F.2d 346 (4th Cir. 1974); United States v. McCoy, 478 F.2d 176 (10th Cir. 1973), cert. denied 414 U.S. 828, 94 S.Ct. 53, 38 L.Ed.2d 62 (1973); United States v. Wilson, 479 F.2d 936 (7th Cir. 1973). Where, as in the instant case, one police officer who in essence is doing no more than performing the function of answering service, relays a message to another officer, we find no infirmity in the information transmitted.
[3] In Aguilar v. Texas, 378 U.S. 108 n. 1, 84 S.Ct. 1509, 1511, 12 L.Ed.2d 723 (1964), the United States Supreme Court specifically pointed out that no information other than the informant's tip was ever brought to the attention of the issuing magistrate. It was noted that, if a surveillance had been conducted and the results properly presented to the magistrate, "this would, of course, present an entirely different case."