357 So.2d 1128 (1978)
STATE of Louisiana
v.
James Phillip RICHARDS.
No. 61042.
Supreme Court of Louisiana.
April 10, 1978.
Dissenting Opinion April 18, 1978.
*1129 Robert B. Nichols, Jr., DeRidder, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., William C. Pegues, III, Dist. Atty., David W. Burton, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
James P. Richards was charged by the grand jury in the same indictment with thirteen separate counts of knowingly or intentionally possessing with the intent to distribute various controlled dangerous substances in violation of La.R.S. 40:966. Prior to trial, the indictment was amended to delete count ten; and, during trial, the state entered a nolle prosequi as to count two. After trial by jury on the remaining eleven counts, defendant was found guilty as charged on four counts and guilty of possession of a controlled dangerous substance on seven counts. Sentence was imposed by the trial court on defendant. Thereafter, defendant designated errors to be urged on appeal. Finding reversible error in one of the assigned errors, we pretermit consideration of the other assignments of error.
Defendant contends the trial judge erred in denying his motion to suppress physical evidence seized from the car he was driving. The evidence was seized pursuant to a search warrant. He argues that the affidavit supporting issuance of the search warrant failed to set forth facts demonstrating probable cause to believe that illegal drugs were in the car.
The search warrant in question was issued to search a particularly described automobile for the purpose of seizing a "quantity of controlled dangerous drugs." It was issued based upon facts recited in an affidavit by Deputies James Longoria and John *1130 Yerby. The affidavit was executed and the warrant was issued on December 21, 1976. The affidavit generally recited the following facts to establish probable cause for issuance of the warrant.
On December 19, 1976, affiants were contacted by a confidential informant who had proven in the past to have given honest and truthful information resulting in arrests in felony cases. He told affiants that several persons, including defendant and Boyd Bryan, had recently committed two burglaries of a pharmacy, during which a large quantity of controlled drugs were stolen and divided equally among the participants. The informant also told affiants that defendant still has some of the drugs left and is storing them in the above described car. Defendant and Bryan were arrested in 1975 and convicted for possession of marijuana; and the other two co-participants are heavy drug users. The affiants verified the occurrence of the burglaries committed on July 25 and November 23, 1976, through the police chief, who stated that the investigation of the first burglary uncovered no evidence of a forced entry. Defendant was employed at the time by the owner of the building in which the pharmacy was located; part of his job was to make keys. Moreover, defendant had access to the building; he had cleaned the pharmacy and knew where the drugs were stored. The affidavit further stated that, during the period from January through September of 1976, Deputy Jarrell had acted as an undercover agent in the parish and had purchased stolen property and drugs. In September, Deputy Jarrell was informed by Sammy Collins, a known drug user, that defendant and Bryan had committed the burglary of the pharmacy and wanted to dispose of the drugs. Deputy Jarrell told Collins to check with defendant and Bryan about selling the drugs to him (Jarrell). Later, Collins reported back to Deputy Jarrell that he had contacted defendant and Bryan who had the drugs but would not sell them at that time. Affiants did not know to whom the above described vehicle was registered; however, the confidential informant as well as affiants had seen defendant driving said vehicle.
La.Code Crim.P. art. 162 provides in pertinent part:
A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant.
We have held that probable cause exists when the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient unto themselves to warrant a man of reasonable caution to believe that an offense has been committed. State v. Smith, 350 So.2d 1178 (La.1977); State v. Williams, 338 So.2d 1365 (La.1976); State v. Sierra, 338 So.2d 609 (La.1976); State v. Hightower, 272 So.2d 363 (La.1973). The judicial officer must be supplied with enough information to support an independent judgment that probable cause exists for the issuance of a warrant. Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); State v. Smith, supra; State v. Williams, supra; State v. Sierra, supra; State v. Holmes, 254 La. 501, 225 So.2d 1 (1969).
In Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the United States Supreme Court set forth, in a "two-pronged test," the criteria which a magistrate must follow in determining if an affidavit based upon hearsay has established probable cause for the issuance of a search warrant: (1) the affiant must articulate the basis for his belief that the informant is trustworthy, and (2) the affidavit must indicate the underlying circumstances from which the informant concluded that the narcotics were where he contended they would be. State v. Joseph, 351 So.2d 1162 (La.1977). Hence, the reliability of both the informant and his information must be demonstrated in the affidavit. Later the court in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), made the criteria more flexible by allowing an informer's tip which is inadequate under Aguilar standards to be corroborated by independent sources.
*1131 This court, in State v. Paciera, 290 So.2d 681 (La.1974), enunciated the following rule, deduced from United States Supreme Court cases, to measure the sufficiency of a supporting affidavit which is based upon informant-supplied data:
The affidavit submitted to the magistrate may be based entirely upon hearsay, but, if so, it must set forth underlying circumstances and details sufficient to provide a substantial factual basis by which the magistrate might find reliable both the informant and the information given by him. Factors which support the credibility of an unidentified informant include prior accurate reports or any specific independent corroboration of the accuracy of the instant report. Factors which support the credibility of the information reported include (a) direct personal observation by the informant, or (b), if the information came indirectly to the informant, the reasons in sufficient factual detail for the magistrate to evaluate and credit the reliability both of the indirect source and of the indirectly-obtained information. See State v. Linkletter, 286 So.2d 321 (La.Sup.Ct.1973). (Emphasis supplied.)
The affidavit in the instant case satisfies the first Aguilar standard. It states that the informant had proven in the past to have given honest and truthful information resulting in arrests in felony cases. These facts are sufficient to establish the reliability of the unidentified informant. No requirement exists, as defendant contends, that the arrests must have resulted in convictions. State v. Roach, 322 So.2d 222 (La.1975).
In addition, the affidavit must satisfy the second Aguilar standard by indicating the underlying circumstances from which the informant concluded that the narcotics were where he contended they would be. The reliability of the information may be established by either the direct personal observation of the informant or by recitation of the facts upon which the informant based his conclusion. State v. Smith, supra; State v. Paciera, supra.
The affidavit in the instant case fails to satisfy this second Aguilar standard. It states that the informant told the affiants that several persons, including defendant, committed two burglaries of a pharmacy, during which a large quantity of controlled drugs was stolen, and that the drugs were equally divided among the participants. It further states that the informant told the affiants that defendant still has some of the drugs left and is storing them in a particular car described in the application.
The affidavit does not set forth that the informant personally observed the various events reported or had direct personal knowledge of the factual allegations recited. Nor does the affidavit recite the facts upon which the informant based his conclusion. The informant could have been relying upon hearsay information or could have reached his own conclusion from circumstantial evidence. The affidavit does not disclose how the information was acquired. Hence, the affidavit failed to demonstrate the reliability of the information. State v. Smith, supra.
The conclusion that the tip in this case does not satisfy the second factor of the Aguilar test does not, however, end our inquiry into the sufficiency of the affidavit supporting the warrant. Affidavits must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); State v. Williams, supra; State v. Roach, supra. The magistrate is obligated to render a judgment based upon a commonsense reading of the entire affidavit. Spinelli v. United States, supra; State v. Williams, supra. Thus, when an informant's statement fails to meet the "two-pronged test," the affidavit may nevertheless be sufficient if elsewhere in the application there is enough information to permit "the suspicion engendered by the informant's report to ripen into a judgment that a crime was probably being committed." Spinelli v. United States, supra; State v. *1132 Williams, supra; State v. Hightower, supra, n.2.
In the instant case, in addition to the information obtained from the confidential informant, the supporting affidavit sets forth predominately further hearsay information, and even double hearsay. The affidavit states that affiants spoke with the police chief but gives no indication of the particular source of his information. The affidavit does not reveal how the affiants obtained the information concerning Deputy Jarrell's investigation nor how Collins concluded that defendant and Bryan possessed drugs. Moreover, most of the recited events occurred months before execution of the affidavit and none give any implication that defendant still possessed controlled drugs, much less that they were presently located in the described car. Even a commonsense reading of the entire affidavit would not cause "the suspicion engendered by the informant's report to ripen into a judgment that a crime was probably being committed." Spinelli v. United States, supra, (emphasis added).
Accordingly, we conclude that the affidavit failed to make a sufficient showing of probable cause to believe that the drugs were in the car; the search warrant was improperly issued. Hence, reversible error was committed `by the trial court's refusal to suppress the evidence seized.

DECREE
For the reasons assigned, the convictions and sentences are reversed and the case is remanded for a new trial consistent with law and the views herein expressed.
SUMMERS, J., dissents and will assign reasons.
SUMMERS, Justice (dissenting).
The Court's attention to technical details is unwarranted. The law does not condone this approach. Reasonableness and common sense are the standards which should guide the Court. If these standards had been followed the affidavit would be found to be sufficient. I dissent.