KLIEBERT, Judge.
This is an appeal by the defendant, Anthony L. Ditcharo, Jr., from his guilty plea to the charge of possession of 230 pounds of marijuana, a violation of R.S. 40:967. The defendant entered his guilty plea under the ruling of State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to this appeal following the trial judge’s denial of his motion to suppress evidence obtained pursuant to a search warrant.
On July 29, 1981, on the basis of an affidavit executed by Anthony Akins, a police officer employed by the Jefferson Parish Sheriffs office, a search warrant was issued to search the residence of the defendant located at 576 Victory Drive in Westwe-go, Louisiana.
The search, conducted at defendant’s residence pursuant to the search warrant, recovered the contraband upon which this prosecution is based. The affidavit for the search warrant reads as follows:
“On 29 July 81 Agents A. Akins was contacted by a reliable source who in the past has supplied Agents with information that has been proven reliable through independent investigation. The reliable source for the remainder of this application will be reffered (sic) to as CI. The CI advised Agt. A. Akins that he had been in the residence on this date (sic) and saw several pounds of marijuana. The CI further stated' that the residence he is speaking of is, 576 Victory Dr. West-wego, La. At this time Agent terminated the meeting with the CI and began an investigation of Anthony Ditcharo, because according to the CI this was the residence of Anthony Ditcharo.
Agent A. Akins conducted a record check of the subject, Anthony Ditcharo W/M. The record cheek revealed that the subject, Anthony Ditcharo W/M 04/15/47 residing at 576 Victory Dr. Westwego, La. has an identification number with JPSO number 3217, also the subject is wanted for unauthorize (sic) use of a moveable since 07/19/79. The subject has two City arrest, with no convictions; eight Felony arrest with one conviction; and twenty three misdemean- or arres (sic) with five convictions.
Agents set up a surveillance of the residence on 29 July 81 during the surveillance Agent observed a number of W/M and W/F subject (sic) going to the residence staying for a short period of time and leaving the residence. A number of vehicle (sic) were also observed going to the residence it’s (sic) occupant going inside the residence staying for a short period of time and leaving the residence. Agents due to their vantage point were unable to obtain license information on any vehicle.
From past expirence (sic) this type of short term traffic is normally observed at location where drugs are being distributed.
Agents also learned through independent investigation that the subject Anthony Ditcharo also keeps a large sum of his marijuana in his garage located in" the rear of the yard.
Due to the information received and the observation of Agents is is respectfully requested that a Search Warrant be issued for the premises at 576 Victory Dr. Westwego, La. and extended to cover Daytime, Nightime, Sunday and holidays.”
ASSIGNMENT OF ERROR NO. 1
Defendant contends that the search warrant was invalid because it failed to allege facts to support the reliability of the confidential informant and the information furnished by the informant.
A search warrant may issue only upon an affidavit establishing probable *329 cause to the satisfaction of the issuing judge. U.S. Const.Amend. IV; La. Const. 1974, Art. 1, § 5; La.C.Cr.P. Art. 162. Probable cause exists when facts and circumstances within the affiant’s knowledge, and of which is has reasonable trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Tate, 407 So.2d 1138 (La.1981); State v. Mena, 399 So.2d 149 (La.1981).
In Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the United States Supreme Court set forth, in a “two-pronged test,” the criteria which a magistrate must follow in determining if an affidavit based upon hearsay has established probable cause for the issuance of a search warrant; (1) the affiant must articulate the basis for his belief that the information is trustworthy, and (2) the affidavit must indicate the underlying circumstances from which the informant concluded that the objects were where he contended they would be. Hence, the reliability of both the informant and his information must be demonstrated in the affidavit. State v. Wichers, 392 So.2d 419 (La.1980). Later, the Court in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.3d 637 (1969), made the criteria more flexible by allowing an informant’s tip which is inadequate under Agui-la r standards to be corroborated by independent sources. These rules were adopted in State v. Paciera, 290 So.2d 681, 685-86 (La.1974) which held:
“The affidavit súbmitted to the magistrate may be based entirely upon hearsay, but, if so, it must set forth underlying circumstances and details sufficient to provide a substantial factual basis by which the magistrate might find reliable both the informant and the information given by him. Factors which support the credibility of an unidentified informant include prior accurate reports or any specific independent corroboration of the accuracy of the instant report. Factors which support the credibility of the information reported include (a) direct personal observation by the informant, or (b), if the information came indirectly to the informant, the reasons in sufficient factual detail for the magistrate to evaluate and credit the reliability both of the indirect source and the indirectly-obtained information.”
State v. Tate, supra, held that:
“Affidavits must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); State v. Williams, 338 So.2d 1365 (La.1976). The magistrate is obligated to render a judgment based upon a commonsense reading of the entire affidavit. Thus, when an informant’s statement fails to meet Augilar’s two-pronged test, the affidavit may nevertheless be sufficient if corroborating facts from police observation permit ‘the suspicion engendered by the informant’s report to ripen into a judgment that a crime was probably being committed.’ Spinelli v. United States, supra; State v. Williams, supra. An informant’s tip can be significantly buttressed if either independent observations by the affiant corroborate sufficient details of the tip (whether suspicious or not) to negate the possibility that the informant fabricated his report, or independent observations by the affiant contribute to a showing of probable cause by revealing not merely normal patterns of activity but activity that reasonably arouses suspicion. Gonzales v. Beto, 425 F.2d 963, 969 (5th Cir.1970), cert. denied, 400 U.S. 928, 91 S.Ct. 194, 27 L.Ed.2d 189 (1970), cer. denied, Acosta v. Beto, 400 U.S. 1001, 91 S.Ct. 476, 27 L.Ed.2d 452 (1971).”
This approach was followed by the United States Supreme Court in Illinois v. Gates, - U.S. -, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), which abandoned the rigid “two-pronged test” of Aguilar and Spinelli for determining whether an informant’s tip establishes probable cause for the issuance of a warrant. The Court substituted in its place the “totality of the *330 circumstances” approach which is expressed in the following language:
“The task of the issuing magistrate is simply to make a practical, common-sense decision, whether, given all the circumstances set forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a ‘substantial basis ... conclud(ing)’ that probable cause existed. Jones v. United States, supra, 362 U.S. [257] at 271 [80 S.Ct. 725 at 736, 4 L.Ed.2d 697 (1960) ]. We are convinced that this flexible, easily applied standard will better achieve the accommodation of public and private interest that the Fourth Amendment requires than does the approach that has developed from Aguilar and Spinelli.”
In the instant case, the affiant received a report from a confidential informant that the informant had been in the defendant’s residence and had personally observed several pounds of marijuana therein. In addition, the affiant and other police officers set up a surveillance of the residence and during the surveillance the affiant and the other officers observed a number of people going to the defendant’s residence and staying for a short period of time.
If we were dealing with an affidavit based solely on the information obtained through the confidential informant, we might well conclude that the affidavit does not establish probable cause for the issuance of a search warrant. However, the independent observations by the affiant and the other police officers contributed to a showing of probable cause and corroborated details of the informant’s tip to negate the possibility that the informant fabricated his report.
In considering this matter, we have excised the statement in the affidavit that the defendant was wanted for unauthorized use of a moveable since there has been no showing or a finding that this information was intentionally misrepresented in the affidavit. State v. Ogden, 391 So.2d 434 (La.1980).
Although the affidavit does not state the number of times' the informant had supplied information to the affiant or the circumstances surrounding the information supplied in the past, we are satisfied that the entire affidavit, read in a commonsense approach, contains sufficient facts for a magistrate to conclude that probable cause existed for issuance of the search warrant in this case.
ASSIGNMENT OF ERROR NO. 2
Defendant further contends that the testimony of the narcotic agents who conducted the surveillance does not support the information given to the issuing magistrate by the affiant requesting the search warrant.
We disagree and find ample testimony in the record to support the statements made in the application for the search warrant.
For the reasons cited, we affirm the decision of the trial court’s denial of the defendant’s motion to suppress.
AFFIRMED.