We grant certiorari on the application of the State of Louisiana as to the trial court’s order granting defendants’ motion to suppress evidence seized by the police in the execution of a search warrant.
At the hearing on the motion to suppress the prosecution submitted its case on the warrant issued by the magistrate based upon the affidavit of two police officers. Copy of the affidavit is attached as an appendix to this opinion.
This affidavit was sufficient to establish probable cause to the satisfaction of the magistrate. It contained a factual basis to show that the information from the informant was trustworthy (the officers knew him as reliable and his information had led to the arrest and conviction of other drug traffickers in the past), and facts establishing probable cause for the warrant (just three days previously the informant purchased cocaine at the premises to be searched and was invited by the occupant to come back for more at any time). State v. Duncan, 420 So.2d 1105 (La.1982). This is clearly distinguishable from State v. Joseph, 351 So.2d 1162 (La.1977), relied upon by defendants, because there the affidavit lacked the underlying circumstances by which the informant obtained his information. That deficiency does not exist in the instant case.
Defendants erroneously focus attention on that part of the affidavit which recites the observations of the police officers while they had the searched premises under surveillance. They argue that this case whose affidavit describes the comings to and goings from the premises by three individuals during a forty-five minute period is even weaker than Joseph whose affidavit described comings and goings under even more suspicious and suggestive-of-drug-activities circumstances than the present case. Yet in Joseph the court held that the search warrant was improperly issued. However, the issue in Joseph was with respect to the sufficiency of the observed conduct during surveillance where the affidavit concerning the informant was insufficient. In the present case the informant’s information in itself was sufficient and the observed suspicious comings and goings only served to fortify an already sufficient affidavit.
Likewise, defendants’ argument contrasting the activity observed by the police here with that observed in State v. Williams, 338 So.2d 1365 (La.1976) fails to recognize that the court in Williams first rejected the information obtained from the informant because there was no attestation to his reliability and no factual basis for his conclusion that drugs were being sold at the searched premises. In the instant case the observed suspicious activity, although not as convincing as the “continuous stream of highly unusual conduct” in Williams, was icing on the cake of the reliable and factual information provided by the informant.
As in State v. Rodrigue, 437 So.2d 830 (La.1983), this case involves the magistrate’s determination of probable cause prior to issuing the warrant, and such a determination is entitled to significant deference by reviewing courts. The magistrate properly made a practical, common-sense decision that there was probable cause for the issuance of the warrant considering all of the information contained in the affidavit. Illinois v. Gates, — U.S. -, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Even marginal cases should be resolved in favor of a finding that the issuing magistrate’s judgment was reasonable. State v. Rodrigue, supra; United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).
Accordingly, the order granting defendants’ motion to suppress evidence is reversed, the motion is denied, and the case is *614 remanded to the trial court for further proceedings.
APPENDIX
THE REASONS AND FACTS FOR THE REQUEST OF THIS SEARCH WARRANT ARE:
On Thursday, December 29, 1983, Narcotics and Drug Abuse Officers Joseph Palermo and John Joanos conversed telephoni-cally with a reliable and confidential informant whose information in past has proven instrumental in leading to the arrest and subsequent convictions of those persons engaged in the trafficing of illicit drugs within the boundaries of the City of New Orleans.
The Cl related to the Officers that within three days instant to the conversation, he has had the opportunity to go to the address of 5218 Constance Street and purchase a quantity of cocaine for self use. The tipster said that the transaction took place with a black female known to him as Stella and that she invited him back to acquire additional cocaine at anytime.
Base on the information received, the Officers went to the area of 5218 Constance Street and actuated a surveillance. From the Officers vantage point, the following activity was observed:
At approximately 4:30 pm the Officers observed a black male approach the front door to the address of 5218 Constance Street and knock. When the front door opened the male was allowed entry to the residence. At approximately 4:35 pm, the male exited the premises and stopped before leaving the front porch. He looked about the area as to see if anyone was detecting his movements. When satisfied, he left the area out of the sight of the Officers.
At approximately 4:50 pm, the Officers observed a black male ride up on a dark colored ten-speed bicycle and stop in front of the address. After walking his bike into the fensed area, he walked up to the front door and knocked. When the door opened he was allowed entry. A couple of minutes later the male exited the house and went directly to his bicycle and rode off out of sight.
At approximately 5:15 pm, the Officer observed a black female walk up to the front door to 5218 Constance Street address. After knocking and the door opening, she was allowed entry. At approximately 5:20 pm, she exited the residence and paused on the front porch. She looked about the area for a second and then walked away out of the sight of the Officers.
Predicated on the information received, the surveillance conducted, it is the belief of these affiants that now being secreted and distributed out of 5218 Constance Street is a controlled dangerous substance more particularly Cocaine and it is respectfully requested that a search warrant be issued for same.
Sworn to and subscribed before me this 29th day of December, 1983, New Orleans, Louisiana.
/s/ Joseph Palermo Affiant
/s/ John E. Joanos Affiant
Commissioner, Magistrate Court
6:30 pm