WARD, Judge.
These consolidated appeals present issues concerning the constitutional requirements for obtaining a search warrant.
Appellants are Myles Washington, who pleaded guilty to possession of heroin and to being a convicted felon in possession of a firearm, and Linda Burton, who pleaded guilty to possession of heroin. Washington was sentenced to eight years imprisonment and fined $5,000.00 or one year in default of payment. Burton was sentenced to four years imprisonment. At the time of their guilty pleas, both Washington and Burton reserved the right to appeal the denial of their motions to suppress evidence. State v. Crosby, 338 So.2d 584 (La.1976). Accordingly, in this appeal Washington, joined by Burton, alleges the Trial Judge erred: 1) in not suppressing evidence seized pursuant to an unconstitutional search because the affidavit used to obtain the search warrant did not establish probable cause, and 2) in not admitting documentary evidence that he believes would show the lack of good faith of the officers who obtained the search warrant.
The search warrant in question was issued by a magistrate of the Orleans Parish Criminal District Court on the basis of an affidavit of two New Orleans Police Department Narcotics Officers which contained the following statement:
1) On 4-3-84 Police Officers Pedro Marina and Wallace Goodey assigned to the New Orleans Police Department Narcotics Section met a confidential informant who stated that in the past few days and on the day of the meeting he had been with a friend in the High Rise building of the Fisher Projects who purchased heroin. He added that he knew the subject as BUNK.
2) The Officers checked in the computer and found a BUNK whose real name was Myles Washington. Washington had a *173 long extensive record of arrests and conviction for cocaine, talwin, and heroin. The NOPD computer showed two life sentences for conviction of controlled dangerous substances schedule one and two in 1978. The Officers showed the informant the B of I photo of Myles Washington (204933). The informant identified the photo as that of Washington.
3) On 4-4-84 the Police Officers conducted a surveillance of the High Rise building to verify any traffic going to Washington’s apartment (apartment IB). During the surveillance they observed a subject in a car who appeared to have scored from Washington’s place. The Officers stopped the subject a distance from there and found the subject in possession of eleven bags of heroin.
4) On 4-27-84 the confidential informant contacted the Officers and told them that BUNK had moved. His new address was 2010 Lebouff Court apartment 2C. The informant advised the Officers that he had been there that day with a friend who had scored one bundle of heroin for $300.
5) On the same day the Officers took the informant to the Fisher Project and had him point the new location which was in fact 2010 Lebouff apartment 2C. The Officers also looked around and realized that a surveillance in that particular section of the project by two white Officers was difficult. The Officers, however, set up their surveillance vehicle from 8 PM to 10 PM and in that time using binoculars observed first a lone black male go in, stay about three minutes and leave and then a black female and a black male who went in for a short time. The Officers verifying some traffic which appeared to be narcotic related terminated the surveillance for fear of being discovered.
A search warrant may be issued only if an affidavit establishes probable cause to the satisfaction of the issuing judge. La. Const. 1974, Art. 1, Sec. 5; La.C.Cr.P. Art. 162. Probable cause is found when facts and circumstances within the affiant’s knowledge, and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. The facts establishing probable cause must be contained in the affidavit. State v. Poree, 406 So.2d 546 (La. 1981).
In cases such as the one before us in which the affidavit presents the hearsay of a confidential informant, the Louisiana Supreme Court requires that the affidavit presented to the judicial officer:
must set forth underlying circumstances and details sufficient to provide a substantial factual basis by which the magistrate might find reliable both the informant and the information given by him. Factors which support the credibility of an wnidentified informant include prior accurate reports or any specific independent corroboration of the accuracy of the instant report. Factors which support the credibility of the information reported include (a) direct personal observation by the informant, or (b), if the information came indirectly to the informant, the reasons in sufficient factual detail for the magistrate to evaluate and credit the reliability both of the indirect source and of the indirectly-obtained information.
State v. Paciera, 290 So.2d 681, 685-86 (La.1974).
Applying these principles to the affidavit in the present case, we conclude that it established probable cause that would support a warrant to search 2010 Lebouff Court Apartment 2C where the heroin and firearms were seized and where Washington and Burton were arrested.
In reaching our decision as to the credibility of the unidentified informant, we rely on the affiants’ specific independent corroboration of the accuracy of the information supplied because the affidavit contains no indication that the informant had given prior accurate information. The affidavit states that the affiants corroborated the informant’s report on several points. The *174 officers discovered a repeat drug offender known as “Bunk”, Myles Washington, whose photograph the informant identified. The day after receiving the report, the officers found eleven bags of heroin on a person who had just left Washington’s apartment. After receiving a report from the informant that Washington had moved to a new apartment, the officers surveyed that address for two hours and observed two suspicious visits. This we believe to be sufficient. But, in addition, the reliability of the information supplied by the informant is enhanced because the affidavit describes direct personal observations by the informant; that is, the informant told the affiants that he visited Bunk twice with a friend, once in the old and once in the new apartment, and during each visit the friend had purchased heroin.
Defense counsel presents a paragraph by paragraph attack on the content of the affidavit. He would have us read the affidavit literally, rejecting reasonable inferences and seeking detail to support every deduction made by the affiants. His argument seems to demand that each statement, standing alone, establish probable cause.
These contentions are not supported by the law. Although we agree that certain statements in the affidavit could have been expressed more clearly, the law requires only that the affidavit present sufficient information to the magistrate to allow that official to determine from the totality of the circumstances whether probable cause exists to search the person or place described. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); Massachusetts v. Upton, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984). An affidavit is not to be subjected to de novo review by the appellate court, but rather should be tested and interpreted in a common sense and realistic manner, without technical requirements of elaborate specificity. State v. Huffman, 419 So.2d 458 (La.1982).
We follow the Louisiana Supreme Court which, in upholding a search warrant in State v. Williams, 338 So.2d 1365 at 1369 (La.1976), stated:
In reaching our conclusion, we have been conscious of the warning in Ventresca [United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965) ] that a grudging or negative attitude by reviewing courts towards warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting. Magistrates are not to be confined to niggardly limitations or by restrictions on the use of their common sense. Their determinations of probable cause should be paid great deference by reviewing courts and, although it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. [Citations omitted.]
Washington next contends that the Trial Judge erred in not admitting into evidence at the hearing on the motion to suppress several search warrant applications which had been submitted by one of the affiants in this case, Officer Goodey, in prior unrelated cases. It was contended that the relative specificity of detail in these proffered applications would have shown that Officer Goodey was not in good faith when he signed the affidavit at issue. This contention is based upon defense counsel’s interpretation of United States v. Leon, — U.S. -, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Leon held that evidence will not be suppressed if an officer in good faith reasonably relies upon a magistrate’s probable-cause determination even though the search warrant is ultimately found defective. Under Leon the good or bad faith of the affiant officer becomes relevant only where a search warrant is found defective. Since the Trial Judge found the search warrant valid and we affirm that ruling, Officer Goodey’s alleged bad faith is irrelevant, and the proffered search warrant applications were properly held inadmissible.
*175 The convictions and sentences of both defendants are affirmed.
AFFIRMED.